Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE SHOCKEY and JOEL SHOCKEY, | Case No.: 1:19-cv-224 |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| ADVANTAGE FINANCIAL SERVICES, an Idaho limited liability company. | **(Jury Trial Demanded)** |
| Defendant. | |

COMES NOW the Plaintiffs Danielle Shockey and Joel Shockey, by and through their counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and allege their causes of action against Defendant as follows:

### INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Danielle Shockey is a natural person residing in Ada County, Idaho, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff Joel Shockey is a natural person residing in Ada County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Danielle and Joel are married to each other.

5. The alleged debts at issue in the underlying collection case were primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

6. Defendant Advantage Financial Services is an Idaho limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 10 South Cole Rd., Boise, ID 83709.

7. Advantage Financial Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Advantage Financial Services is licensed to do business in Idaho and can be served through its registered agent, Carma Farrar, at 10 South Cole Rd., Boise, ID 83709.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

11. On March 26, 2019, Advantage Financial Services filed suit against Danielle and Joel Shockey in Ada County Case No. CV01-19-05352.

12. The lawsuit alleged the Shockeys owed to Advantage Financial Services, by virtue of assignments, on five separate debts with Gem State Radiology, two debts with Boise Radiology Group, and one debt with MRI Mobile.

13. The statute of limitations in Idaho for debts based on a written contact is five years under Idaho Code § 5-216.

14. The statute of limitations in Idaho for debts not based on a written contact is four years under Idaho Code § 5-217.

15. On or about December 12, 2017, Advantage Financial Services induced the Shockeys to make a $50 payment on their "account" with Advantage Financial Services.

16. The Shockeys were not given the option to apply the payment to any of the eight distinct debts which were assigned to Advantage Financial Services (possibly only seven debts were with Advantage at the time of the payment).

17. Advantage Financial Services did not warn the Shockeys that making a partial payment may restart the statute of limitations under Idaho Code § 5-238.

18. That statute states in relevant part: ". . . any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt."

19. Advantage Financial Services applied the $50 in seven and eight dollar increments to each of seven debts, thereby potentially reviving the statute of limitations and allowing Advantage to file suit against the Shockeys.

20. However, regardless of whether the applicable statute of limitations is four or five years, it is undisputed that five of the debts were already past the statute of limitations and for two others the statute of limitations had expired if Idaho Code § 5-217 applied.

### COUNT I: VIOLATION OF FDCPA - MISREPRESENTATIONS

21. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

22. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

23. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

24. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010).

25. On January 30, 2012, a national debt buyer, Asset Acceptance, was sued by the United States of America in the Middle District of Florida for imprudent collection practices.

26. Part of the allegations of that petition read as follows:

> **Defendant's Practices When Collecting Debts Beyond the Statute of Limitations**
>
> 30. Because Asset Acceptance regularly collects older debt, and because its business strategy includes holding the debt it purchases for several years, a large percentage of the individual accounts it collects are past the statute of limitations.
>
> 31. The statute of limitations for any given debt can vary from as short as two to three years to as long as fifteen or more years, and depends on several factors, including the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt (e.g., telecommunications, credit card, health club, etc.), whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment. A debt that is past the statute of limitations can be revived in many states if the consumer either makes a payment on the debt or states, in writing, an intention to pay it.

27. In that petition, the United States alleged the following:

> 33. Asset tracks the date that it believes any given account will go past the statute of limitations. Collectors are trained how to collect past-statute debts, and are taught that the debt will

be revived if the consumer makes a partial payment on such a debt. When a consumer cannot pay a debt in full, but can pay something, Asset will enter into a payment plan with that consumer.

28. The United States alleged the problems for the consumers when a debt collector is collecting these stale debts as follows:

> 34. Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written to promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

29. As stated above, Idaho is a state with a revival statute.

30. 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. One misrepresentation made by Advantage Financial Services was failing to disclose that making a partial payment could revive the statute of limitations and allow Advantage Financial Services to file suit against the Shockeys.

32. A second misrepresentation was that the partial payment did not actually revive the statute of limitations and Advantage Financial Services could not legally file suit on at least five and possibly seven of the eight debts it sued the Shockeys for.

33. Once the statute of limitations had expired, the payment made by the Shockeys was ineffective

to revive the statute of limitations. "For over a century, Idaho law has provided that one may reinitiate the statute of limitations on an unpaid debt **for which the statute's period has not yet expired** by acknowledging the debt's existence in writing." *Collection Bureau, Inc. v. Dorsey*, 150 Idaho 695, 698, 249 P.3d 1150, 1153 (2011)(emphasis added).

34. The Shockeys have each suffered emotional distress related to Advantage Financial Services' actions, including anxiety, frustration, sleeplessness, embarrassment, and anger.

35. The Shockeys are entitled to statutory and actual damages due to Defendant's violation.

## COUNT I: VIOLATION OF FDCPA – UNCONSCIONABLE CONDUCT

36. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

37. 15 U.S.C. § 1692f states that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

38. Filing a lawsuit in which several of the debts were past the statute of limitations and therefore time-barred is unfair and unconscionable conduct.

39. "Statutes of limitations are not simply technicalities. On the contrary, they have been long respected as fundamental to a well-ordered judicial system." *Board of Regents v. Tomanio*, 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980).

40. They reflect a strong public policy, as determined by legislative bodies and courts, that "it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979).

41. The Shockeys have each suffered emotional distress related to Advantage Financial Services' actions, including anxiety, frustration, sleeplessness, embarrassment, and anger.

42. The Shockey's are entitled to statutory and actual damages due to Defendant's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B.   Statutory damages up to $1,000.00 per Plaintiff pursuant to

   15 U.S.C. § 1692k(a)(2)(A),

C.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

D.   In the event of default judgment, for attorney fees in the amount of $2,000.00,

E.   For Court costs; and

F.   For such other and further relief as may be just and proper.

DATED: June 19, 2019.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC
